SIERRA CLUB

v.

SIMKINS INDUSTRIES, INC.

SIERRA CLUB

v.

NUEVA ENGINEERING, INC.

SIERRA CLUB

v.

KEYSTONE AUTOMOTIVE
PLATING CO.

Civ. Nos. HM84–4018 to HM84–4020.

United States District Court,
D. Maryland.

June 18, 1985.

John F. King, G. Macy Nelson and Anderson, Coe & King, Baltimore, Md., for plaintiff Sierra Club.

Jack A. Meyerson, Philadelphia, Pa., Thomas B. Eastman and Ober, Kaler, Grimes & Shriver, Baltimore, Md., for defendant Simkins.

James D. Reed and Reed, Reed & Kelly, Ralph K. Rothwell, Jr., and Maslan & Rothwell, Baltimore, Md., for defendant Nueva.

Benjamin Rosenberg, John L. Harvey and Venable, Baetjer & Howard, Baltimore, Md., for defendant Keystone.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

Plaintiff Sierra Club has filed three citizen's suits pursuant to § 505 of the Clean Water Act, 33 U.S.C. § 1365, against defendants Simkins Industries, Inc., Civil No. HM84–4018 (hereinafter Simkins); Nueva Engineering, Inc., Civil No. HM84–4019 (hereinafter Nueva); and Keystone Automotive Plating Co., Civil No. HM84–4020 (hereinafter Keystone). The complaint in each of the three actions charges the defendant with violating "the terms and provisions of its National Pollutant Discharge Elimination System (NPDES) permit" in violation of the Clean Water Act, 33 U.S.C. § 1251, *et seq.* Specifically, plaintiff alleges that the defendants' discharge of treated wastes into the Patapsco River pursuant to NPDES permits violates the waste water discharge limits contained in such permits and thus violates § 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a). As relief for the alleged violations, plaintiff seeks a declaratory judgment that defendants have violated the Clean Water Act, 33 U.S.C. §§ 1311 and 1342; an injunction prohibiting defendants from further violating their NPDES permits; a mandatory injunction requiring defendants to provide to plaintiff a copy of all future reports submitted by defendants to the state or federal government regarding defendants' NPDES permits; an assessment of civil penalties of $10,000 per day for each violation against each defendant; and an award of costs, including attorney, witness and consultant fees. Various motions are presently pending before the court; namely:

(1) Defendant Simkins' Motion for Entry of Judgment on the Pleadings;

(2) Defendant Nueva's Motion to Dismiss and/or Motion for Judgment on the Pleadings;

(3) Defendant Keystone's Motion to Dismiss;

(4) Plaintiff's Motions for Partial Summary Judgment as to each defendant;

(5) Plaintiff's Motion for Leave to File Amended Complaint; and

(6) Defendant Nueva's Motion for Continuance.

The court held a hearing on these motions on May 3, 1985, and has reviewed the memoranda submitted and is now prepared to rule.

*Background*

Plaintiff Sierra has brought these actions against defendants Simkins, Nueva and Keystone pursuant to the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365. That provision provides:

(a) Except as provided in subsection (b) of this section, any citizen may commence a civil action on his own behalf—

(1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or

(2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator. The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be and to apply any appropriate civil penalties under section 1319(d) of this title.

This court, per Judge Young, has recently discussed the statutory scheme of the Federal Water Pollution Control Act (hereinafter the Clean Water Act or the Act), 33 U.S.C. § 1251 *et seq.*, in *Chesapeake Bay Foundation, et al. v. Bethlehem Steel Corporation*, 608 F.Supp. 440, 443–444 (D.Md.1985), and will not repeat it herein. Relevant portions of the Act having bear-

ing on the issues at bar will be discussed where appropriate.

As required by § 505(b)(1)(A) of the Act, 33 U.S.C. § 1365(b)(1)(A), plaintiff gave notice on Aug. 31, 1984, of the alleged violations and of its intent to file suit, to the Administrator of the United States Environmental Protection Agency; to the Regional Administrator, Region 3, United States Environmental Protection Agency; to the Assistant Secretary of Environmental Programs, Department of Health and Mental Hygiene; to the Director of Water Management Administration, Office of Environmental Programs; and to the defendants herein. After the lapse of 60 days from plaintiff's giving of notice and after neither the Environmental Protection Agency (hereinafter EPA) nor the state commenced prosecution to redress the alleged violations, plaintiff brought the instant actions.

Plaintiff Sierra Club is a national, non-profit corporation with its principal place of business in San Francisco, California and with members in the Chesapeake Bay area. It is a public interest organization dedicated to protecting and conserving natural resources. Defendant Keystone, a corporation organized under the laws of the State of California, operates a business consisting of repairing damaged automobile bumpers. Defendant Simkins, a corporation organized under the laws of the State of Connecticut, operates a papermill which manufactures cardboard. Defendant Nueva, a corporation organized under the laws of the State of Maryland, operates a business consisting of the engineering, manufacturing and sale of electronic systems, components and equipment. Each of the defendants discharges treated wastes from its operations into the Patapsco River pursuant to NPDES permits issued by the Maryland Department of Health and Mental Hygiene, Office of Environmental Programs, and authorized by the Administrator of the EPA under § 402(a), (b) of the Act, 33 U.S.C. § 1342(a)-(b).

The instant actions against defendants charge that defendants have violated the waste water discharge limits of their NPDES permits in violation of § 301(a) of the Act, 33 U.S.C. § 1311(a). Plaintiff also charges the defendants with failure to report in violation of the act. Each defendant has moved to dismiss the actions on various grounds. Plaintiff has moved for partial summary judgment as to liability. The court will now examine each of these motions.

## I. *Sierra Club v. Keystone Automotive Plating*

Presently pending before the court in the above-captioned case are plaintiff's Motion for Leave to File Amended Complaint, Defendant's Motion to Dismiss, and Plaintiff's Motion for Partial Summary Judgment. A discussion of each motion follows.

### A. *Plaintiff's Motion for Leave to File Amended Complaint*

■ Plaintiff files the instant motion requesting the court to grant it leave to file an amended complaint. In support of the motion, plaintiff contends that since it filed its original complaint charging defendant Keystone with violations of the Clean Water Act between April 1, 1976 and September 20, 1983, it has discovered additional violations of the Act by defendant occurring between October 1, 1983 and June 30, 1984. The amended complaint, in essence, only differs from the original complaint in that it alleges additional violations of the Act. Plaintiff thus requests that all of the alleged violations be tried together in the interest of judicial economy. Defendant Keystone has not filed opposition to the motion.

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend his pleading by leave of the court and requires the court to grant such leave to amend when justice so requires. The court believes that justice and judicial economy, in the instant case, mandate permitting plaintiff to amend its complaint in light of the similarity of the issues and parties. There is no reason to subject identical parties to separate trials regarding the same alleged

permit violations. Plaintiff's Motion for Leave to File Amended Complaint is therefore *Granted.*

### B. *Defendant's Motion to Dismiss*

Defendant Keystone initially filed its Motion to Dismiss on January 16, 1985. However, in response to plaintiff's Motion for Leave to File Amended Complaint filed on February 4, 1985, defendant Keystone filed a second Motion to Dismiss on February 27, 1985. Defendant Keystone seeks dismissal of the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b) permits dismissal for failure to state a claim upon which relief can be granted. Dismissal is not proper, however, unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *See Jenkins v. McKeithen,* 395 U.S. 411, 422, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court will now turn to examine defendant Keystone's grounds for dismissal in light of these principles.

#### 1. Statute of Limitations

In support of its Motion to Dismiss, defendant asserts that the one-year statute of limitations provision set forth in § 5–107 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code applies in the instant case and bars 403 of Sierra's 453 claims that defendant violated its permit between April 1, 1976 and June 30, 1984. Keystone claims that 403 of the alleged permit violations are time-barred because they occurred more than one year prior to the filing of the suit by plaintiff. Keystone asserts also that 50 of the alleged violations occurred within the year prior to the filing of the suit and, therefore, are not barred by the statute of limitations; however, only 8 of the 50 concern allegedly illegal discharges for which relief may be sought. *See* Memorandum in Support of Motion to Dismiss, pp. 6, 9–10. Alternatively, Keystone argues that if the court finds the one-year statute is inapplicable, then Maryland's three-year statute of limitation applicable generally to civil actions would govern plaintiff's claim. *Id.* at 11.

In opposition to defendant's Motion to Dismiss, Sierra argues that 28 U.S.C. § 2462, the statutory period applicable in government actions to recover civil penalties, applies to the citizen suit provision of the Clean Water Act. Plaintiff argues that because it is seeking the same relief as would the government, specifically, civil penalties for past violations and future compliance, the same statute of limitations should apply to plaintiff's action as would apply to an action by the government. Because the interest of the government and plaintiff citizen are identical, plaintiff contends that the five-year statute of limitations as set forth in 28 U.S.C. § 2462, is applicable and not the state statute of limitations as urged by defendants. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, pp. 3–5.

The issue before the court is whether, in the absence of a limitations provision in a federal statute, a federal court should apply the analogous state statute of limitations or a federal statute of limitations to a citizen suit instituted under § 505 of the Clean Water Act. This court recently has decided this precise issue.

On April 30, 1985, Judge Young of this court, in *Chesapeake Bay Foundation v. Bethlehem Steel Corporation,* 608 F.Supp. 440 (D.Md.1985), held that 28 U.S.C. § 2462 applies to citizen suits for civil penalties as well as government actions for penalties under the Clean Water Act.[1] The court noted that where a federal statute fails to provide a limitations period, federal courts generally apply the period of limitations

---

1. 28 U.S.C. § 2462 provides:
 Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five (5) years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

most appropriate under state law; however, where application of a state statute would frustrate a federal policy underlying the cause of action under consideration, the general rule concerning application of an appropriate state statute of limitations should not apply. *Chesapeake* at 446–47 *(citing Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 465, 95 S.Ct. 1716, 1721–23, 44 L.Ed.2d 295 (1975)). The court reasoned that application of a state statute of limitations would frustrate several policies of the Clean Water Act because such application would produce non-uniform citizen suit enforcement from state to state and would also produce non-uniform enforcement as between citizens and the government. *Chesapeake,* at 447–449. The court then ruled that even though 28 U.S.C. § 2462 was designed to apply to suits brought by the government, the five-year limitations period set forth in the statute is equally applicable in a citizen suit for civil penalties under the Clean Water Act. The court reasoned:

> The plaintiffs are suing as private attorneys general, and they seek the enforcement of federal law. Although the statute provides that a citizen sues "on his own behalf," any penalties recovered from such an action are paid into the United States Treasury. ... [I]n this action a plaintiff recovers nothing. Any benefit from the lawsuit, whether injunctive or monetary, inures to the public or to the United States. The citizen suit provision was designed to supplement administrative enforcement, not to provide a private remedy. Under these circumstances it seems most appropriate that the same statute of limitations applies to a citizen action as to a federal administrative action. *Chesapeake* at 449–50. *Accord Friends of the Earth, et al. v. Facet Enterprises, Inc.,* Civil No. 84–357T (W.D.N.Y. Dec. 28, 1984). *Compare Chesapeake* and *Friends of the Earth, supra,* (applying five-year federal statute of limitations found in 28 U.S.C. § 2462) *with Student Public Interest*

*Research Group of New Jersey, et al. v. Tenneco Polymers,* 602 F.Supp. 1394, 1398–99 (D.N.J.1985) (refusing to apply both state statute of limitations and federal statute of limitations).

The court agrees that the five-year federal statute of limitations found in 28 U.S.C. § 2462 applies to this instant citizen suit for civil penalties and relies upon the rationale articulated by Judge Young of this court in *Chesapeake.*[2]

### 2. Section 505(b)

In further support of its Motion to Dismiss, Keystone asserts that § 505(b) of the Clean Water Act also bars plaintiff's suit because the state has commenced and is diligently prosecuting administrative proceedings against Keystone based upon the alleged violations of Keystone's NPDES permit. Defendant Keystone's Memorandum in Support of Motion to Dismiss, pp. 11–13, 15. In response, plaintiff argues that § 505(b) of the Clean Water Act does not bar the present suit because the state's administrative proceeding was commenced after plaintiff filed its complaint. Plaintiff filed suit on October 31, 1984 and the State of Maryland issued its "Notice of Violation" on December 13, 1984. Moreover, plaintiff asserts that even if the state's action preceded plaintiff's suit, plaintiff's suit still would not be barred because the state's administrative hearing is not tantamount to a "diligent prosecution" in a court within the meaning of § 505(b). *Id.* at 6–8.

Section 505(b) of the Clean Water Act, 33 U.S.C. § 1365(b), provides that no citizen suit can be maintained "if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right." Preliminarily, the court notes that it finds the state's administrative proceeding was

2. The court instructs plaintiff to file a memorandum by August 1, 1985 indicating which

claims, if any, are time-barred by the five-year statute of limitations.

instituted *after* plaintiff commenced its action. Significantly, plaintiff filed its complaint on October 31, 1984 and the state filed its Notice of Violation on December 13, 1984. Defendant argues that the state's administrative proceeding was instituted two months prior to plaintiff's filing of its Amended Complaint on February 4, 1984. The court finds this argument unpersuasive. The dispositive date is that on which the original complaint was filed, not the date on which the plaintiff sought amendment of the complaint. Plaintiff's suit was instituted prior to the state's institution of administrative proceedings against defendant Keystone and, therefore, is not barred by § 505(b) of the Clean Water Act.

■ Secondly, the court also notes that it does not find the state's administrative proceeding equivalent to a diligent prosecution in a court for purposes of § 505(b) of the Clean Water Act. The court recognizes that under certain circumstances an administrative proceeding may be considered the equivalent of court action and thus bar citizen suits, *see Baughman v. Bradford Coal Co.*, 592 F.2d 215 (3d Cir.), *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979); however, in order to be accorded court status, a state agency must possess the full remedial powers inherent to traditional judicial courts. In the instant case, plaintiff seeks a declaratory judgment, injunctive relief, civil penalties and costs. Keystone notes that the state in an administrative proceeding has the power to revoke a discharge permit, impose civil penalties, issue orders requiring corrective action within a specified time and execute a consent order. However, Keystone also notes that the state agency may only seek injunctive relief *from a court*. Defendant Keystone's Memorandum in Support of Motion to Dismiss, p. 14. The state agency, therefore, does not possess the full remedial powers available to a court but must seek the injunctive relief plaintiff requests in a court. The state court proceeding possibly may be inadequate to fully protect the plaintiff herein and therefore would not be so diligent as to

preempt the citizen suit. The court thus believes that it would not be appropriate to denominate the state agency as a court within § 505(b) and, accordingly, will not bar plaintiff's suit. *Cf. Student Public Interest Research Group of New Jersey, Inc. v. Monsanto Company*, 600 F.Supp. 1479, 1482 (D.N.J.1985). *See also Student Public Interest Research Group of New Jersey v. Fritzsche, Dodge & Olcott*, 759 F.2d 1131 (3d Cir.1985); *Brewer v. City of Bristol*, 577 F.Supp. 519 (E.D.Tenn.1983).

### 3. Civil Penalties

■ Keystone asserts that § 505 of the Act entitles Sierra as a citizen plaintiff to prospective relief only for continuing violations of the Act and not civil penalties for alleged permit violations occurring prior to the filing of the suit. Defendant Keystone's Memorandum in Support of Motion to Dismiss, pp. 15–19, 27. Plaintiff, in turn, contends that the language of the Act, the legislative history of the Act, and court constructions of the Act support the proposition that citizens may recover civil penalties for past permit violations. Plaintiff's Response to Motion to Dismiss, pp. 8–14. Moreover, plaintiff contends that it has sufficiently alleged continuing violations to warrant injunctive relief.

Whether civil penalties for past violations may be awarded in a citizen's suit under the Clean Water Act has not been addressed by this court. However, a number of other federal courts have addressed the issue and have determined that courts, in fact, may assess civil penalties for violations of the Act alleged to have occurred prior to the filing of the case. *See Illinois v. Outboard Marine, Inc.*, 680 F.2d 473, 480–81 (7th Cir.1982); *Student Public Interest Research Group of New Jersey v. Monsanto*, 600 F.Supp. 1474, 1476–77 (D.N.J.1985); *Sierra Club v. Aluminum Company of America*, 585 F.Supp. 842, 853–54 (N.D.N.Y.1984); *Friends of the Earth v. Facet Enterprises*, Civil No. 84–357T (W.D. N.Y.1984). These courts have rejected defendants argument that plaintiff's recovery should be limited to prospective relief and

have conclusively held that § 1365(a) of the Clean Water Act authorizes citizen suits for imposition of civil penalties for past violations. The court agrees with the ruling of these cases and adopts their reasoning in full. The court also notes that it finds the cases cited by defendant in support of its position inapposite because such cases involved the recovery of damages and not the recovery of civil penalties.

For the foregoing reasons, the court finds that defendant has failed to show beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Defendant Keystone's Motion to Dismiss is therefore *Denied.*

### C. *Plaintiff's Motion for Partial Summary Judgment*

Plaintiff seeks summary judgment on the issue of liability contending that defendant has not complied with its NPDES permit. In support of its motion, plaintiff contends that defendant has violated a condition of its NPDES permit and, thus has violated the Act, specifically, §§ 301 and 402 of the Act, 33 U.S.C. §§ 1311, 1342; that plaintiff has standing to bring the instant action; that defendant has admitted in its DMRs [3] its violations of its NPDES permit for which liability may attach; and that plaintiff is entitled to judgment as a matter of law because no genuine issue as to any material fact about liability exists in light of Keystone's admissions.

In opposition to plaintiff's motion for partial summary judgment, defendant Keystone argues that the majority of Sierra's claims are barred by the applicable statute of limitations; that Sierra's instant proceedings are barred by § 505(b) of the Clean Water Act because the State of Maryland has commenced and is diligently prosecuting Keystone for alleged violations of its permit; and that Sierra is not entitled to the imposition of civil penalties for past permit violations. Moreover, defendant argues that further proceedings by Sierra are barred by the defendant's entry into a con-

sent decree with the state whereby the defendant agreed to remit to the state a penalty in the amount of $10,000 for alleged violations of Keystone's NPDES permit. Defendant further argues that Sierra's claims of permit violations amount to allegations of improper recording or technical violations and not substantive violations by defendant of its NPDES permit. Finally, defendant argues that Sierra has not demonstrated that it has standing to prosecute its claims against Keystone.

Summary judgment is appropriate only if the pleadings "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court believes that Keystone's pleadings do not raise material factual disputes and that the law weighs in favor of plaintiff Sierra Club. Both the factual and legal bases for the court's findings are set forth *infra.*

■ The essential facts in the instant case are uncontroverted. The Maryland Water Resources Administration issued NPDES permit number MD0025046 to defendant in accordance with § 402 of the Act on January 29, 1976. The permit authorizes defendant to discharge limited amounts of the treated waste from its operations into the Patapsco River in accordance with the provisions of the permit. The permit also requires defendant to file periodic Discharge Monitoring Reports (DMRs) indicating the contents and quality of its wastewater discharge. Both Keystone's current NPDES permit and DMRs have been authenticated. The DMRs indicate that Keystone has committed excessive discharges and has failed to report in various instances. Having found no genuine issue as to a material fact, the court will now examine the law bearing on the issue at bar.

As this court stated in *Chesapeake,* "[s]ection 308 of the Act, 33 U.S.C. § 1318, provides that the Administrator of the EPA shall require all NPDES permit holders to monitor their discharges. Permit holders

---

**3.** Discharge Monitoring Reports

must maintain records of the results of this monitoring, and report the results to the relevant state or federal agency in a DMR. 40 C.F.R. 122.41(1)(4)(i). Permit holders must certify the accuracy of information contained in their DMRs. 40 C.F.R. 122.-22(d). The DMRs must contain a complete and accurate record of pollutant monitoring by the permit holders. 40 C.F.R. §§ 122.-22(d), 122.41(1)(4)(i)." *Chesapeake Bay Foundation v. Bethlehem Steel Corp.*, 608 F.Supp. 440, 451 (D.Md.1985). Courts generally have held that reports or records which are required to be kept by law may be used to establish a defendant's liability. *Chesapeake, supra,* at 451–52; *Student Public Interest Research Group of New Jersey v. Tenneco Polymers*, 602 F.Supp. 1394, 1400 (D.N.J.1985); *Student Public Interest Research Group of New Jersey v. Fritzsche, Dodge & Olcott*, 579 F.Supp. 1528, 1538 (D.N.J.1984); *Student Public Interest Research Group v. Monsanto Co.*, 600 F.Supp. 1479, 1485 (D.N.J.1985). Defendant's DMRs in the instant case indicate that defendant has violated its NPDES permit by exceeding its permit limitations and by failing to report. "[T]o violate a NPDES permit is to violate the Act." *Chesapeake, supra,* at 451 (*citing Environmental Protection Agency v. State Water Resources Control Board*, 426 U.S. 200, 205, 96 S.Ct. 2022, 2025, 48 L.Ed.2d 578 (1976); *Natural Resources Defense Council, Inc. v. Costle*, 568 F.2d 1369, 1374–77 (D.C.Cir.1977)). "Summary Judgment is appropriate on the issue of liability for violations of the Act." *Student Public Interest Research Group v. Monsanto Co.* 600 F.Supp. at 1485. The court thus finds that partial summary judgment as to liability is appropriate as a matter of law.

■ The court finds defendant's opposition to the motion unconvincing and insufficient to raise genuine issues of material fact. As to defendant's arguments that summary judgment is inappropriate because of the state's diligent prosecution against defendant for the alleged permit violations and because the alleged permit violations amount only to technical and not substantive violations of defendant's

NPDES permit, the court finds *Student Public Interest Research Group of New Jersey v. Fritzsche, Dodge & Olcott*, 579 F.Supp. 1528 (D.N.J.1984), worthy of mention. In *Fritzsche*, the court rejected such claims by defendant finding that defendant's claim of diligent prosecution by an agency was relevant only to defendant's Motion to Dismiss and that defendant's argument regarding "technical" permit violations was relevant only to the issue of damages. *Id.* at 1538. The court believes the same reasoning applies in this case. The court also believes that the state proceeding and defendant's entry into a settlement with the state is irrelevant to the case at bar. As discussed *supra,* the instant citizen suit is not barred by the state proceeding and any state investigation, resolution, or negotiation does not affect plaintiff's right to prosecute permit violations. Moreover, the court believes that defendant's characterization of its permit violations as technical and not substantive is unmeritorious. Defendant's DMRs indicate that it has violated its NPDES permit. Enforcement of NPDES permits is based on strict liability. *Student Public Interest Research Group of New Jersey v. Tenneco Polymers*, 602 F.Supp. 1394, 1400 (D.N.J. 1985). The Act thus places a heavy emphasis on accuracy. *See Chesapeake, supra,* at 452–453. Good faith and improper recording, therefore, are not good defenses.

As to defendant's arguments concerning the applicable statute of limitations and the imposition of civil penalties, the court finds that its earlier discussion is equally applicable in the summary judgment context. Such arguments, therefore, are insufficient to withstand plaintiff's Motion for Partial Summary Judgment.

Finally, as to defendant's claim that plaintiff has not adequately demonstrated that it has standing to prosecute its claims, the court finds such argument equally unmeritorious. In paragraph seven of plaintiff's complaint, plaintiff alleges that "[m]embers of the Sierra Club reside in Maryland, in the vicinity of the Patapsco River, and recreate in, on or near, and

otherwise use and enjoy, the Patapsco River and the water system of which it is a part. The quality of the Nation's waters and the waters of the State of Maryland directly affects the health, recreational, aesthetic and environmental interests of Sierra Club's members. The interests of Sierra Club's members have been, are being and will be adversely affected by the failure of defendant, Keystone Automotive Plating Company, to comply with its NPDES permit requirements." Plaintiff has also submitted numerous affidavits from various individual members of the Sierra Club who indicate that their interest and activities with respect to the Patapsco River has been adversely affected physically, aesthetically and emotionally by defendant's failure to comply with its NPDES permit and resulting pollution.

The court is satisfied that plaintiff has sufficiently demonstrated that it has standing to bring this suit. Allegations of harm to one's aesthetic or recreational interest are sufficient to establish standing to sue. *Sierra Club v. Morton,* 405 U.S. 727, 734, 92 S.Ct. 1361, 1365–66, 31 L.Ed.2d 636 (1972). In the case at bar, plaintiff has alleged that Sierra Club members' aesthetic and/or recreational interests and use of the Patapsco River will be harmed by continued pollution of the river. Other courts have also found that plaintiffs on equal footing with the plaintiff herein have standing to sue. *See Student Public Interest Research Group v. Monsanto Co.,* 600 F.Supp. 1479, 1484 (D.N.J.1985); *Sierra Club v. Aluminum Company of America,* 585 F.Supp. 842, 843, 844–53 (N.D.N.Y.1984); *Friends of the Earth v. Facet Enterprises,* Civil No. 84–357T, p. 4 (W.D. N.Y.1984). Having found that plaintiff has satisfied the *Sierra Club v. Morton* standing requirements, the court finds that plaintiff is a proper party in the instant action.

For the foregoing reasons, the court has determined to grant plaintiff's Motion for Partial Summary Judgment as to liability. A hearing will be scheduled at a later date to determine the appropriate remedies under the Act.

## II. Sierra Club v. Nueva Engineering

Various motions are pending before the court in the above-captioned matter. The outstanding motions, a discussion of which follows, are Defendant's Motion to Dismiss and/or Motion for Judgment on the Pleadings, Plaintiff's Motion for Partial Summary Judgment, and Defendant's Motion for Continuance.

### A. Defendant's Motion to Dismiss and/or Motion for Judgment on the Pleadings

Defendant files the instant motion seeking relief pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, alternatively, Rule 12(c). In support of its motion, defendant claims that plaintiff improperly seeks declaratory and injunctive relief and civil penalties for *past* violations of defendant's NPDES permit which is not authorized by § 505 of the Act.; that plaintiff does not have standing to bring the instant action; that defendant has ceased all operations at the plant which is the subject of plaintiff's complaint and no longer discharges any wastes into the Patapsco River; that the State of Maryland has informed Nueva's counsel that it intends to initiate an action against Nueva regarding the alleged permit violations by Nueva; that plaintiff's claim is barred by the analogous one-year state statute of limitations; and that plaintiff's allegations of fact are insufficient at law to support plaintiff's action under § 505 of the Act. Plaintiff opposes defendant's motion. Plaintiff argues that defendant's Motion to Dismiss should be denied because the permit violations are not barred by the applicable five-year statute of limitations; because the State of Maryland has not commenced and is not diligently prosecuting Nueva for violations of Nueva's permit and, thus, plaintiff's citizen suit is not preempted; because the citizen suit provision of the Clean Water Act provides for the imposition of civil penalties for past permit violations; and

because plaintiff has sufficiently demonstrated that it has standing.

The court has addressed each of the arguments advanced *supra* and will not repeat its discussion again. (*See, supra* pp. 1124–26, 1128–29). Summarily, however, the court finds that the five-year statute of limitations set forth in 28 U.S.C. § 2462 is the applicable statute of limitations in a citizen suit for civil penalties under the Clean Water Act. The court also finds that plaintiff's citizen suit is not barred by § 505(b) of the Act because the state's action or lack thereof does not amount to a diligent prosecution in a court within the meaning of § 505(b). Moreover, the court finds that plaintiff has sufficiently alleged, with supporting affidavits, that it has standing to bring the present action. Finally, the court finds that the Act permits citizens to seek civil penalties for past permit violations. The fact that Nueva no longer operates the plant in question and no longer discharges refuse into the Patapsco River has no effect on plaintiff's right to prosecute the alleged permit violations. Defendant's actions may indicate that it does not intend to commit future permit violations, but such actions do not null and void plaintiff's cause of action.

### B. Plaintiff's Motion for Partial Summary Judgment

Plaintiff files the instant motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff claims that summary judgment as to liability is appropriate because defendant has violated its permit and, thus, has violated the Act; because plaintiff has standing to bring this action; because defendant has admitted its violations of the Act; and because no material facts are in dispute and it is entitled to judgment on the issue of liability as a matter of law. Defendant opposes the motion contending that the pleadings and answers to Requests for Admission demonstrate that there exist genuine disputes as to material facts alleged by the plaintiff; that defendant has filed its response to plaintiff's Requests for Admission of Genuineness of Documents in a timely manner, and has not admitted the alleged permit violations; and that the arguments advanced in defendant's Motion to Dismiss present genuine disputes as to material facts.

 Preliminarily, for the reasons articulated *supra* in the court's denial of defendant's Motion To Dismiss, the court believes that the arguments advanced in defendant's Motion to Dismiss and adopted in opposition to plaintiff's motion do not raise genuine disputes as to material facts. The court believes, however, that defendant's response to plaintiff's Requests for Admission of Genuineness of Documents may raise an issue of fact, but not a material issue. Significantly, Paul Thompson, Regional Chief of the Enforcement Program of the Waste Management Administration of the Department of Health & Mental Hygiene of the State of Maryland (the state agency in charge of NPDES permits and DMRs), has authenticated copies of defendant's DMRs and NPDES permit filed with the court. The DMRs indicate violations of defendant's NPDES permit. Defendant simply has not admitted the authenticity of its NPDES permit or DMRs but has offered no evidence contradicting its DMRs authenticated by Mr. Thompson. In the absence of contradictory evidence, the court cannot find a genuine issue as to any material fact and finds that summary judgment as to liability is appropriate as a matter of law because of the violations evidenced by the authenticated DMRs.

### C. Defendant's Motion for Continuance

*Sierra Club v. Nueva Engineering* is scheduled for trial on July 15, 1985. Defendant requests the court to continue the trial date because defense counsel Rothwell will be out of the country and, therefore, unavailable to try the case. Plaintiff opposes the motion contending that plaintiff will be prejudiced by a continuance of the trial date and that defendant will not be prejudiced by a denial of the request because defendant is already represented by defense counsel Reed.

The court has considered the arguments advanced and has reviewed the court's calendar and has determined to grant defendant's request. The court has rescheduled the trial to begin on Monday, September 16, 1985 at 10:00 a.m.

### III. Sierra Club v. Simkins Industries

Presently pending before the court in the above-captioned case are defendant's Motion for Entry of Judgment on the Pleadings and Plaintiff's Motion for Partial Summary Judgment. A discussion of each motion follows.

#### A. Defendant's Motion for Entry of Judgment on the Pleadings

Defendant Simkins moves the court to enter judgment on the pleadings in favor of the defendant. In support of its motion, defendant asserts that:

"(a) Plaintiff lacks standing to bring a private action as plaintiff has not alleged that any member of plaintiff suffered an injury in fact stemming from defendant's alleged failure to file past monitoring reports;

(b) The complaint fails to state a claim as it does not allege either a violation of an effluent standard or limitation or a violation of the terms and conditions of the Simkins permit;

(c) Plaintiff's private action before this court has been foreclosed by defendant's prompt satisfaction of the alleged violations set forth in plaintiff's sixty-day letter; and

(d) The relief sought by plaintiff is inappropriate as the request for injunctive relief has been mooted by the absence of a continuing violation, and under such circumstances, courts may not impose civil penalties."

In opposition to defendant's motion, plaintiff argues that Sierra Club has standing to bring this action; that the permit at issue contains an enforceable reporting requirement; that defendant's actions to rectify the alleged violations do not bar plaintiff's claim; and that plaintiff may request the court to impose civil penalties for past failures to report. Plaintiff thus asks the court to deny defendant's motion.

As discussed *supra* page 1128, the court again finds that plaintiff has standing to bring the instant action. Both the complaint and the affidavits of individual Sierra Club members are sufficient to show that the interest of Sierra Club members may be adversely affected by defendant's noncompliance with its permit requirements. Such a showing satisfies the *Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), test and is a sufficient claim on which a cause of action may be maintained.

Secondarily, the court believes that plaintiff may maintain an action against defendant for past violations even if defendant now complies with the terms of its NPDES permit. Defendant's permit requires defendant to file DMRs on a quarterly basis. Defendant's Reply Memorandum in Response to Plaintiff's Memorandum in Opposition to Defendant's for Entry of Judgment, p. 7. Plaintiff charges, and defendant admits, that defendant has failed to file DMRs in the past. Defendant's failure to file DMRs thus violated its permit requiring such reporting. A violation of a permit requirement is a violation of the Act. Courts generally have held that civil penalties may be recovered in citizen suits for past violations. *See Illinois v. Outboard Marine*, 680 F.2d 473 (7th Cir. 1982); *Sierra Club v. The Aluminum Company of America*, 585 F.Supp. 842, 853–54 (N.D.N.Y.1984). That defendant is now complying with its NPDES permit is irrelevant to plaintiff's cause of action. Such compliance, however, may be considered in assessing the amount of penalties. For a fuller discussion of civil penalties, *see supra* pp. 1126–27.

Defendant urges that the court should read *Hamker v. Diamond Shamrock Chemical Company*, 756 F.2d 392 (5th Cir. 1985) to stand for the proposition that the court lacks jurisdiction to entertain a citizens complaint under the Clean Water Act where no allegation of a present violation

of an effluent standard is made. The court believes such a reading of *Hamker* is too broad. This broad reading of *Hamker* ostensibly would preclude the court from considering an action in which the polluter stops polluting the day, the hour, or the minute before the suit is filed. The court believes that *Hamker* is more narrowly limited to stand for the proposition that a court lacks jurisdiction to impose penalties for a *single* past violation ended long before the filing of the suit.

In the instant action, defendant is not a one-time violator of the Act but a multiple violator of its NPDES permit. In such a case, imposition of civil penalties is appropriate even if defendant is now in compliance with its permit.

Accordingly, for the foregoing reasons, plaintiff has sufficiently stated a claim upon which relief can be granted. Defendant's Motion for Entry of Judgment on the Pleadings is therefore denied.

B. Plaintiff's Motion for Partial Summary Judgment

As plaintiff alleged in its Motion for partial Summary Judgment against defendants Keystone and Nueva, plaintiff again argues that partial summary judgment against Simkins is appropriate because defendant has violated its permit condition and, thus, has violated the Act; that plaintiff has standing to bring this action; that defendant's admissions demonstrate its violations of the Act; and that it is entitled to judgment as a matter of law because no material facts are in dispute. Defendant Simkins opposes plaintiff's motion and contends, as it did in its Motion for Entry of Judgment on the Pleadings, that factual issues are raised by the court's consideration of whether plaintiff has standing; whether plaintiff can maintain an action where the alleged violation consists of a past failure to file state monitoring reports; whether defendant's prompt action to redress the alleged grievances precludes a private suit; and whether plaintiff's claim is barred by the Maryland one-year statute of limitations.

The court has addressed each of these arguments in this memorandum and will not repeat its analysis again. For the reasons set forth *supra,* the court finds that defendant's arguments do not create any material factual disputes.

■ Significantly, defendant has admitted that it failed to file DMRs as required by its permit prior to receiving plaintiff's 60–day letter. Liability attaches for violation of a permit condition whether such violation consists of an excessive discharge or a failure to report. Again, a violation of a permit is a violation of the Act. Summary Judgment as to liability is therefore appropriate.

ORDERED:

(1) that defendant Simkins' Motion for Entry of Judgment on the Pleadings be, and the same hereby is, *Denied;*

(2) that defendant Nueva's Motion to Dismiss and/or Motion for Judgment on the Pleadings be, and the same hereby is, *Denied*;

(3) that defendant Keystone's Motion to Dismiss be, and the same hereby is, *Denied*;

(4) that plaintiff's Motions for Partial Summary Judgment as to each defendant be, and the same hereby are, *Granted*;

(5) that plaintiff's Motion for Leave to File Amended Complaint be, and the same hereby is, *Granted*;

(6) that defendant Nueva's Motion for Continuance be, and the same hereby is, *Granted*; and

(7) that the Clerk of the Court provide to all parties in these actions copies of this memorandum and order.